## O. P. JOHNSON v. STATE.

No. A-9705. Sept. 11, 1939.

(94 P. 2d 4.)

Baker H. Melone, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

PER CURIAM. Plaintiff in error, O. P. Johnson, was tried and convicted in the county court of Canadian county, upon an information jointly charging O. P. Johnson and Anna Whipple did in said county on or about the 1st day of October, 1938, have and keep in their possession 30 pints of whisky, with the unlawful intent of said defendants to sell the same. The verdict of the jury found the defendant, O. P. Johnson, guilty as charged in the information, but were unable to agree upon the punishment.

On April 4, 1939, the court rendered judgment and sentenced O. P. Johnson to be confined in the county jail for 30 days and to pay a fine of $50, and the costs.

An appeal was duly filed in this court of August 2, 1929.

On September 9, 1939, he filed his motion to dismiss the appeal, which, omitting title, is as follows:

"Comes now O. P. Johnson, the plaintiff in error, in the above entitled action, and hereby dismisses the above entitled appeal filed by him on the 2nd day of August, 1939.

"Plaintiff in error further shows to the court that he has surrendered himself to the sheriff of Canadian County, and that his bondsmen have been released from all liability on the appeal bond herein, and respectfully requests that this proceeding be dismissed in its entirety.

"Dated this 30th day of August, 1939.

"O. P. Johnson,
"Plaintiff in Error."

"Baker H. Melone
"Attorney for Plaintiff in error."

An appeal may be taken to this court by a defendant as a matter of constitutional right from any judgment rendered against him in a court of record. It is a privilege granted by the law to persons convicted of crime which they may exercise at their option. Hancock v. State, 57 Okla. Cr. 329, 48 P. 2d 348.

In the instant case, there is no reason made to appear why the dismissal should not be ordered in compliance with the motion of the plaintiff in error.

It is therefore adjudged and ordered that the appeal be dismissed.